```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                   CHARLOTTE DIVISION
                    3:10CV231-02-V
                    (3:99CR175-2-V)
```

| | | |
|---|---|---|
| **JAMES HAMPTON EVANS,** | ) | |
|     **Petitioner,** | ) | |
| | ) | |
|     v. | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
|     **Respondent.** | ) | |
| _____) | | |

**THIS MATTER** comes before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, filed May 19, 2010.[1] For the reasons stated herein, Petitioner's Motion must be <u>dismissed</u> as time-barred.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On November 2, 1999, a Bill of Indictment was filed charging Petitioner with possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). (Case No. 3:99CR175-1, Doc. No. 1). On February 1, 2000, the Government filed a Notice specifying Petitioner as an Armed Career Criminal

---

[1] Although Petitioner's § 2255 Motion was received at the Court and filed by the Clerk on May 19, 2010, such document contains a certification that it was placed in his Prison's mailing system on December 20, 2009. Ordinarily, the Court, pursuant to the "mail box" rule from <u>Houston v. Lack</u>, 487 U.S. 266 (1988), would treat the Motion as having been filed on that earlier date. However, because Petitioner addressed his § 2255 Motion to a prosecutor in the United States Attorney's Office, not to this Court, he may not avail himself of the benefit of the mail box rule, and his Motion must be treated as having been filed on May 19, 2010, the date it actually was received by the Court. In any case, as subsequently will be explained, it does not matter on which date the Court construes the Motion as having been filed given that both dates are far outside the one-year limitations period.

by virtue of his prior convictions for drug offenses (2), and assault with a deadly weapon inflicting serious injury (1). (Id., Doc. No. 9). Also on February 1, 2000, a jury convicted Petitioner of the subject offense. (Id., Doc. No. 10). On June 16, 2000, the Court held Petitioner's Sentencing Hearing. During that proceeding, the Court determined that Petitioner was an Armed Career Criminal; therefore, his Total Offense Level was 34 and his Criminal History Category was VI, with a resulting range of 262 to 327 months imprisonment. (Id., Doc. No. 15 at 6). After hearing from the parties, the Court sentenced Petitioner to a term of 294 months imprisonment. (Id. at 2). The Court's judgment was filed July 17, 2000. (Id., Doc. No. 15).

Petitioner timely appealed his conviction to the Fourth Circuit Court of Appeals, arguing that this Court erred in denying his Motion for acquittal under Fed.R.Crim.P. 29; and that the Government's witnesses were not credible. United States v. Evans, 3 Fed. App'x 108 (4th Cir. Feb. 13, 2001). However, the Circuit Court rejected Petitioner's claims and affirmed his conviction. Id. Petitioner did not seek further direct review at the U.S. Supreme Court.

Instead, after the passage of more than eight years, Petitioner now has returned to this Court on the instant Motion to Vacate. Petitioner's Motion alleges that he was subjected to in-

2

effective assistance of counsel by virtue of his attorney's failure to challenge certain evidence which was presented against him; that the evidence was insufficient to establish his guilt in that it failed to show that he possessed, transported, shipped, or received the subject firearm; and that his sentence is illegal.  Notwithstanding his belief to the contrary, however, Petitioner's Motion to Vacate is subject to summary dismissal as time-barred.

## II. ANALYSIS

At the outset of its analysis, this Court notes that Rule 4(b) of the Rules Governing Section 2255 Proceedings directs sentencing courts promptly to examine motions to vacate in order to determine whether the petitioner is entitled to any relief on the claims set forth therein.  When it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that a petitioner is not entitled to relief, a court must dismiss the motion.

As is noted on Petitioner's form-Motion to Vacate, in 1996 Congress enacted the Antiterrorism and Effective Death Penalty Act (hereafter, the "AEDPA").  Among other things, the AEDPA amended 28 U.S.C. §2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate.  The amendment provides:

A 1-year period of limitation applies to a motion under this section. The limitation period shall run from the latest of–

   (1) the date on which the judgment of conviction becomes final;

   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

   (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The instant record shows that Petitioner's conviction and sentence were affirmed by the Circuit Court on February 13, 2001. Therefore, in the absence of any intervening circumstances, Petitioner's case became final 90 days later, on May 14, 2001. See Clay v. United States, 537 U.S. 522 (2003) (holding that "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."). As a result of the foregoing, Petitioner had up to and including May 14, 2002, in which to file the instant Motion to Vacate. 28 U.S.C. § 2255. Obviously, he did not file this Motion by that date.

However, Petitioner properly recognized that his Motion to

Vacate likely would be construed as time-barred. That is, his form-Motion to Vacate expressly admonished[2] him that if he were filing his Motion more than one year after his Judgment had become final, such Motion could be construed as time-barred. Thus, Petitioner set out to establish that his claims somehow have been timely presented. Specifically, Petitioner reports that his Motion to Vacate should not be construed as time-barred because:

> Judgement of conviction final shortly there-
> after. I was transfer[red] back to the State
> of North Carolina Department of Correction
> until 12-24-2008 I never received my judge-
> ment of conviction final. I did arrive
> he[re] at Federal Correctional Institution
> P.O. Box 725 Edgefield, SC 29824
>
> The movant is having trouble receiving
> documents from family on the outside to file
> the 2255 in the right man[n]er. Therefore,
> movant needs the extend[ed] time of nin[e]ty
> (90) days to petition the courts for

---

[2]In January 2002, the Fourth Circuit Court of Appeals decided the case of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). In Hill, the Court concluded that "when a federal habeas court, prior to trial, perceives a pro-se [petition or motion to vacate] to be untimely and the state has not filed a motion to dismiss based upon the one-year limitations period, the [district] court must warn the petitioner that the case is subject to dismissal . . . absent a sufficient explanation." Consistent with that requirement, in December 2004, the Administrative Office of the Courts modified the federal habeas form to comply with Hill's notice provision. The new form now includes a section which directs petitioners to address the "timeliness of [their] Petition[s]." In particular, question 18 on the new form advised this Petitioner that if his conviction became final more than one year before the time that the Motion to Vacate is being submitted, he "must explain why the one-year statute of limitations contained in 28 U.S.C. §2255 [also set forth on the form] does not bar [his] motion." Thus, inasmuch as Petitioner obvious-ly has read that question and has proffered a reason why his Motion should be construed as timely filed -- albeit unsuccessfully -- the Court finds that no further notice or opportunity for response is required for him.

5

> documents to file the 2255.
>
> Also, the mailroom here has sent my legal
> mail back to family members on a few other
> occasion and the mailroom person[n]el still
> has legal mail of mine in their possession at
> this writing that they are returning to
> family members which cost more than they can
> afford to keep paying.

Though he certainly could have said so directly, this explanation seems to amount to an assertion that because Petitioner was in State custody at the time that the appellate decision was entered, he experienced a delay of some sort in learning that his direct appeal was rejected. Notably, however, Petitioner has not alleged any unconstitutional activity by the Government which might have impeded his ability to timely file the instant Motion. Thus, this explanation is inadequate to warrant an extension of the deadline. Boyles v. Commonwealth of Virginia, 2005 WL 2233-578 *2 (W.D. Va. Sept. 13, 2005) (unpublished) (declining to find habeas petition timely filed on assertion that petitioner had limited access to legal materials while in local and state correctional facilities). See also Rodriguez v. United States, 2009 WL 3149596 *2 (S.D. N.Y. Sept. 30, 2009) (unpublished) (declining to find § 2255 motion timely filed by petitioner previously housed in county facility, in absence of allegation that guards intentionally destroyed materials and such destruction precluded timely filing); and Satterfield v. Franklin, 2009 WL 523181 *4

(W.D. Okla. March 2, 2009) (unpublished) (declining to find habeas petition timely filed by petitioner who was unaware of habeas corpus proceedings and limitations period, and was housed for three years in "small county jail without a law library" in absence of allegation that he was denied all access to legal resources during relevant period).

Furthermore, each of Petitioner's claims relate to matters about which he knew or should have known at the time he was sentenced by this Court. In addition, those claims do not relate to any intervening, retroactively applicable change in the law. Therefore, Petitioner has failed to demonstrate a statutory basis for construing his filing deadline as having began to run at any time later than the May 2001 date which this Court has identified.

Similarly, Petitioner's explanation also fails to establish that his case is one of those "rare instances" in which it would be unconscionable for this Court to enforce the limitations period against him. Indeed, after the passage of a reasonable amount of time during which he reportedly received no information, Petitioner had an obligation to inquire about the results of his appeal; yet, he has failed to allege any reason why he could not have made such an inquiry in order to timely discover the status of his appeal. Therefore, Petitioner must bear the consequences

7

of his failure to make such an inquiry. See Wims v. United States, 225 F.3d 186, 190 (2d Cir. 2000) ("[t]he proper task in a case such as this one is to determine when a duly diligent person in petitioner's circumstances would have discovered that no appeal had been filed."). Ultimately, then, Petitioner's delay cannot be equitably tolled. See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir.) (en banc) (discussing the requirements for equitable tolling), cert. denied, 541 U.S. 905 (2004); and United States v. Sosa, 364 F.3d 507, 511-13 (4th Cir. 2004) (same).

Finally, the Court also is aware of the Fourth Circuit's decision in Bilal v. North Carolina, 287 Fed. App'x 241 (4th Cir. July 18, 2008), in which the Fourth Circuit, specifically limiting its holding to the facts of that case, concluded that this Court's sua sponte dismissal of a habeas petition was premature. However, this case is distinguishable from Bilal.

In Bilal, the petitioner answered question 18 with an ambiguous "N/A" response, thereby possibly reflecting his confusion as to either the question or his status. Bilal also involved a petition which was brought under § 2254 thirty days after the expiration of the filing deadline. Here, Petitioner has provided a response to question 18; however, his response simply is insufficient to excuse his delay. Furthermore, the instant Motion is made under § 2255, and is more than eight years outside the

8

one-year limitations period.  Last, unlike in Bilal, this Court has access to Petitioner's entire criminal file, a review of which clearly establishes the untimeliness of this Motion to Vacate.  In sum, therefore, the undersigned finds that dismissal of Petitioner's Motion for untimeliness is warranted.

### III.  CONCLUSION

The AEDPA requires, among other things, Petitioners seeking to bring Motions to Vacate under 28 U.S.C. §2255 do so within the time limitations prescribed by that statute.  Here, Petitioner has failed to meet that requirement, and he has failed to establish any other basis for construing his Motion as timely filed.  Accordingly, Petitioner's Motion to Vacate shall be dismissed as time-barred.

### IV.  ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the instant Motion to Vacate is **DISMISSED** as untimely filed.

**SO ORDERED.**

Signed: May 25, 2010

Richard L. Voorhees
United States District Judge