IN THE UNITED STATES DISTRICT COURT
FOR WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00212-RLV
(3:99-cr-00175-RLV-1)

| | |
|---|---|
| JAMES HAMPTON EVANS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's motion to vacate, set aside or correct sentence, filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner's § 2255 motion will granted.

I.  BACKGROUND

On February 1, 2000, Petitioner was convicted by a jury on one count of being a felon-in-possession of firearm, in violation 18 U.S.C. § 922(g), and he was sentenced as an armed career criminal pursuant to 18 U.S.C. § 924(e). (3:99-cr-00175, Doc. No. 10: Jury Verdict; Doc. No. 15: Judgment). Petitioner's judgment was upheld on appeal in an unpublished opinion. United States v. Evans, 243 F.3d 542 (4th Cir. 2001). In May 2010, Petitioner filed a pro se § 2255 motion to vacate which the Court dismissed after finding that it was untimely filed. (3:10-cv-00231-RLV, Doc. No. 3: Order). Petitioner did not appeal.

In the present § 2255 motion to vacate, Petitioner contends that he is entitled to sentencing relief because he no longer qualifies as an armed career criminal following the Supreme Court's opinion in Johnson v. United States, 135 S. Ct. 2551 (June 26, 2015), in which

1

the Court held that the residual clause of the Armed Career Criminal Act ("ACCA") was void for vagueness and therefore unconstitutional.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Petitioner was granted authorization to file the present § 2255 motion pursuant to § 2255(h)(2). In re: James Hampton Evans, No. 16-350 (4th Cir. 2016). The Government has filed a response to the petition and agrees that Petitioner is entitled to sentencing relief because he no longer qualifies as an armed career criminal following the Supreme Court's opinion in Johnson v. United States, which the Court notes has recently been made retroactive to cases on collateral

2

review. See Welch v. United States, 136 S. Ct. 1257 (Apr. 18, 2016). (3:16-cv-00212, Doc. No. 3: Government Response).

Petitioner was sentenced to a term of 294-months' imprisonment; however had Johnson v. United States been controlling at the time his sentence was imposed, Petitioner would have only faced a statutory maximum term of 120-months and Petitioner has now served more than 120-months in prison.

Based on the foregoing, the Court finds that Petitioner's § 2255 motion to vacate his sentence will be granted.

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Section 2255 motion to vacate is **GRANTED** and he is hereby sentenced to time-served plus ten days.

2. Petitioner's motion for transcripts and his motion to reduce sentence are **DISMISSED as moot**. (3:99-cr-00175, Doc. Nos. 22, 23).

3. All remaining provisions of Petitioner's judgment shall remain the same. (3:99-cr-00175, Doc. No. 15: Judgment).

**IT IS FURTHER ORDERED** that the warden of the Federal Bureau of Prisons where Petitioner is housed shall release him from custody within 10-days from service of this Order.

The Clerk of Court is directed to certify copies of this Order to the Federal Defenders of Western North Carolina, the U.S. Attorney, the U.S. Marshals Service, and the U.S. Probation Office.

The Clerk is respectfully directed to close this civil case.

**SO ORDERED**.

Signed: May 31, 2016

Richard L. Voorhees
United States District Judge